IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ACUITY INSURANCE COMPANY,<br>a mutual insurance company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GENERAL CREDIT ACCEPTANCE<br>COMPANY, LLC,<br>Serve:  CT Corporation Systems<br>　　　　120 S. Central Avenue<br>　　　　St. Louis, MO 63105<br>　　　　(St. Louis County, Missouri)<br><br>and<br><br>DAVID DEAVER,<br>Serve:  158 School Street<br>　　　　Glen Carbon, IL 62034<br>　　　　(Madison County, Illinois)<br><br>and<br><br>HELENA WEATHERSPOON,<br>Serve:  9121 Clarion Avenue<br>　　　　St. Louis, MO 63136<br>　　　　(St. Louis County, Missouri)<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW plaintiff and files its Complaint for Declaratory Judgment and states as follows:

1.　　　Plaintiff is a corporation organized and existing under the laws of the State of Wisconsin with its principal office and place of business in the County of Sheboygan, State of

1

Wisconsin. Plaintiff was and is duly licensed by the State of Missouri to engage in the insurance business in the State of Missouri.

2.      Defendant General Credit Acceptance Company (GCAC) is a corporation organized and existing under the laws of the State of Missouri with its principal office and place of business in St. Louis County, Missouri.

3.      Defendant David Deaver is a citizen and resident of the County of Madison, State of Illinois.

4.      Helena Weatherspoon is a citizen and resident of the County of St. Louis, State of Missouri.

5.      This Complaint for Declaratory Judgment is brought pursuant to Title 28 USC §2201 et. seq. and is solely between citizens and residents of different states. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. This Court has diversity jurisdiction pursuant to 28 USC §1332(a)(1).

6.      Plaintiff issued its Commercial Auto Policy and its Commercial Umbrella Policy No. L40293 for the periods 5-17-06 to 5-17-07, Exhibit 1; 5-17-07 to 5-17-08, Exhibit 2 and 5-17-08 to 5-17-09, Exhibit 3, to defendant General Credit Acceptance Company, LLC. A copy of the policy is attached hereto and made a part hereof, Exhibit 1.

7.      The Commercial Auto Policy includes the following provisions:

SECTION II – LIABILITY COVERAGE

A.      COVERAGE

   1.      Garage Operations – Other Than Covered Autos

      a.      We will pay all sums an insured legally must page as damages because of bodily injury or property damage to which this insurance applies caused by an accident

2

and resulting from garage operations other
than the ownership, maintenance or use
of covered autos.

\* \* \* \* \* \*

B.      EXCLUSIONS

This insurance does not apply to any of the following:

1.      Expected or Intended Injury

Bodily injury or property damage expected
or intended from the standpoint of the insured.
But for garage operations other than covered
autos this exclusion does not apply to bodily
injury resulting from the use of reasonable
force to protect persons or property.

6.      Care, custody or control

Property damage to or covered pollution
cost or expense involving:

c.      Property held for sale or being
transported by the insured.

d.      Property in the insured's care, custody
or control.

14.     Loss of Use

Loss of other property not physically damaged
if caused by:

a.      A delay or failure by you or anyone
acting on your behalf to perform a
contract or agreement in accordance
with its terms.

SECTION IV – DEFINITIONS

A.      "Accident" includes continuous or repeated exposure
to the same conditions resulting in bodily
injury or property damage.

H.   "Garage Operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. Garage operations include the ownership, maintenance or use of the autos indicated in Section 1 of this Coverage Form as covered autos. Garage operations also include all operations necessary or incidental to a garage business.

O.   "Property damage" means damage to or loss of use of tangible property.

The Commercial Umbrella policy, provides coverage in excess of the amount payable under the terms of the underlying policy provided the underlying policy also applies or would apply but for the exhaustion of its applicable limits of insurance.  The umbrella policy is subject to the same terms, conditions, agreements, exclusions and definitions as the underlying policy. The umbrella policy includes the following exclusions:

SECTION I – COVERAGES

2.   EXCLUSIONS

The exclusions that apply to the underlying insurance apply to this insurance.  Also this insurance does not apply to damages because of:

f.   Any duty imposed by law under the following: (TRUTH IN LENDING)

g.   Injury or damage to personal property in the care, custody or control of the insured.

i.   Any obligation to pay any claim or claims made against you or any of your officers, directors or trustees, individually or collectively, by reason of a wrongful act in their respective capacities as officers, directors or trustees.

As used in this exclusion, "wrongful act" means any actual or alleged error, misstatements or misleading statement,

4

> act or omission, or neglect or breach of
> duty made or committed by your directors,
> officers or trustees.

8.      Defendant Deaver filed his <u>Counterclaim</u> against defendant General Credit

Acceptance Company in the Circuit Court of St. Louis County, Missouri, <u>General Credit</u>

<u>Acceptance Company v. David Deaver</u>, Cause No. 11SL-AC28887-02, a consumer class action.

Defendant Deaver seeks damages on his own behalf and on behalf of all other similarly situated

consumers arising out of the repossession of motor vehicles the purchase of which was financed

by General Credit Acceptance Company. A copy of the <u>Answer and Counterclaim</u> is attached

hereto and made a part hereof, Exhibit 4.

9.      General Credit Acceptance Company has tendered to plaintiff the defense of the

<u>Counterclaim</u> filed by David Deaver and has demanded that plaintiff pay any judgment rendered

against General Credit Acceptance Company. Plaintiff denies coverage but nevertheless is

providing General Credit Acceptance Company a defense to the <u>Counterclaim</u> reserving its rights

to contest coverage under Policy No. L40293.

10.      Defendant Weatherspoon filed her <u>Petition</u> against defendant General Credit

Acceptance Company in the Circuit Court of St. Louis County, Missouri, <u>Helena Weatherspoon</u>

<u>v. General Credit Acceptance Company</u>, Cause No. 14SL-CC01561, a consumer class action.

Defendant Weatherspoon seeks damages on her own behalf and on behalf of all other similarly

situated consumers arising out of the repossession of motor vehicles the purchase of which was

financed by General Credit Acceptance Company. A copy of the <u>Petition</u> is attached hereto and

made a part hereof, Exhibit 5.

11.      General Credit Acceptance Company has tendered to plaintiff the defense of the

<u>Petition</u> filed by Helena Weatherspoon and has demanded that plaintiff pay any judgment

rendered against General Credit Acceptance Company. Plaintiff denies coverage but nevertheless is providing General Credit Acceptance Company a defense to the <u>Petition</u> reserving its rights to contest coverage under Policy No. L40293.

12.    The underlying lawsuits filed by David Deaver and Helena Weatherspoon arise out of the same facts, involve the same parties and the same class members and give rise to the same legal issues. The underlying lawsuits now pending in the Circuit Court of St. Louis County will inevitably be consolidated for the purposes of judicial economy and consistency in rulings. Exhibit 6, Order of August 27, 2014 Hon. Robert S. Cohen, Judge, St. Louis County Circuit Court, Division No. 1, <u>Helena Weatherspoon v. General Credit Acceptance Company</u>, Cause No. 14SL-CC01561.

13.    The Commercial Auto Liability part of Policy No. L40293 does not provide coverage for the liability claimed and the damages sought by the underlying lawsuits filed by David Deaver and Helena Weatherspoon for the following reasons:

a)    Policy L40293 provides coverage for property damage caused by accident and resulting from "Garage Operations" as defined in the policy. The alleged improper repossession of vehicles is not an activity associated with the operation of a garage but rather with the financial activities of GCAC.

b)    The failure to provide the notices required by the UCC, the deviation from the form of notification in §9-614(3) of the UCC, the use in the notices of additional language or content not allowed by law and the failure of the notices to provide "reasonable authenticated notice of disposition" as alleged in the underlying lawsuits were not caused by accident and are not covered under Policy L40293.

c)    Any violation of Missouri Statutes §408.545 and §408.555 R.S.Mo. and any loss caused by the alleged unlawful repossession and sale of the vehicles as alleged in the underlying lawsuits was not caused by accident and was expected and intended from the standpoint of the insured and is excluded from coverage under the provisions of Policy L40298.

6

     d)     The repossessed vehicles were property held for sale by GCAC and were in the care, custody and control of GCAC and were excluded from coverage.

     e)     There is no coverage for loss of use of any repossessed vehicles caused by failure of GCAC to perform a contract or agreement in accordance with its terms.

     f)     The Commercial Umbrella part of Policy No. L40293 does not provide coverage for the reasons set out above in subparagraphs a) through e). In addition, coverage for liability arising out of wrongful acts by officers, directors or trustees of GCAC is excluded under Policy No. L40293.

14.     The alleged claim of Helena Weatherspoon against General Credit Acceptance Company arose on May 19, 2012 the date her automobile was repossessed. (See Notice of Our Plan to Sell Property, attached as Exhibit 3 to the <u>Petition</u>.) Insurance coverage for defendant General Credit Acceptance Company LLC under Policy L20493 terminated on May 17, 2009.

15.     Plaintiff further states that there exists an actual controversy between plaintiff and defendants with regard to coverage for any liability of General Credit Acceptance Company to David Deaver and Helena Weatherspoon and the class under Policy No. L40293 because of the matters set out in the underlying lawsuits.

16.     By reason of the controversy, plaintiff is in peril of damage or loss unless said policy of insurance is properly construed and the rights of the parties herein declared and determined and adjudicated in this matter.  Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff Acuity Insurance Company prays judgment as follows:

1.     There is no coverage under Policy No. L40293 for the liability claimed and the damages sought by the <u>Counterclaim</u> filed by David Deaver and for the <u>Petition</u> filed by Helena Weatherspoon for the reasons set out herein.

2.      That plaintiff is not obligated under Policy No. L40293 to defend General Credit Acceptance Company against the <u>Counterclaim</u> filed by David Deaver or to pay or satisfy any judgment rendered against General Credit Acceptance Company and in favor of David Deaver and the class because of the matters set out in the <u>Counterclaim</u>.

3.      That plaintiff is not obligated under Policy No. L40293 to defend General Credit Acceptance Company against the <u>Petition</u> filed by Helena Weatherspoon or to pay or satisfy any judgment rendered against General Credit Acceptance Company and in favor of Helena Weatherspoon and the class because of the matters set out in the <u>Petition</u>.

4.      That plaintiff is not obligated under Policy No. L40293 to defendant General Credit Acceptance Company against the <u>Petition</u> filed by Helena Weatherspoon or to pay or satisfy any judgment rendered against Helena Weatherspoon and the class because coverage under Policy L20493 terminated on May 17, 2009 prior to the date Helena Weatherspoon's alleged cause of action arose.

5.      For costs.

 /s/ Christopher P. Leritz
Christopher P. Leritz, #39864MO
cleritz@leritzlaw.com
Joseph L. Leritz, #15395MO
jlleritz@leritzlaw.com
LERITZ, PLUNKERT & BRUNING, P.C.
555 Washington Avenue, Suite 600
St. Louis, MO 63101
(314) 231-9600
(314) 231-9480 – Facsimile

ATTORNEYS FO PLAINTIFF

9