TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI

GENERAL CREDIT ACCEPTANCE COMPANY,

    Plaintiff/Counterclaim-Defendant,

v.

DAVID DEAVER,

    Defendant/Counterclaimant.

Case No. 11SL-AC28887
Division: 42M

## DEFENDANT DAVID DEAVER'S ANSWER AND COUNTERCLAIM

Defendant and Counterclaimant David Deaver ("Deaver"), by and through his attorneys Sandberg Phoenix & von Gontard P.C., answers Plaintiff General Credit Acceptance Company's ("GCAC") Petition and brings his counterclaim against Counterclaim-Defendant GCAC:

### Answer

1. Deaver is without knowledge sufficient to admit or deny the truth or falsity of the allegations contained in this Paragraph, and therefore, denies same.

2. Deaver denies he resides in the St. Louis City or St. Louis County. Deaver is without knowledge sufficient to admit or deny the truth or falsity of the remaining allegations contained in this Paragraph, and therefore, denies same.

3. Deaver is without knowledge sufficient to admit or deny the truth or falsity of the allegations contained in this Paragraph, and therefore, denies same.

4. Deaver admits he entered into the retail installment contract and security agreement attached to the Petition. Defendant states the remaining allegations of this Paragraph require a legal conclusion to which no response is required. To the extent a response is required to the remaining allegations of this Paragraph, Deaver denies same.

5. Deaver denies the allegations in this Paragraph.

3494209\1

1

**EXHIBIT 4**

6. Deaver denies the allegations in this Paragraph.

7. Deaver denies the allegations in this Paragraph.

WHEREFORE, having fully answered Plaintiff's Petition, Deaver prays for an order of the Court dismissing all claims against him with prejudice and costs expended herein taxed to Plaintiff and awarding such other and further relief as the Court deems necessary and just under the circumstances.

## Affirmative Defenses

1. Plaintiff's Petition fails to state a claim upon which relief can be granted in that Plaintiff has failed to plead facts sufficient to show compliance with the provisions of sections 400.9-601 to 400.9-629, RSMo, as required by section 408.556.1, RSMo. Plaintiff has filed a motion to dismiss concurrently with this pleading, which is incorporated herein by this reference.

2. Plaintiff's claim is barred by the absolute bar rule in that Plaintiff did not strictly comply with the Uniform Commercial Code, including the provisions of sections 400.9-601 to 400.9-629, RSMo., and as set forth in the counterclaim below, and incorporated herein by this reference.

3. Plaintiff's claim is barred by the applicable statute of limitations.

## COUNTERCLAIM

### Nature of Case

1. This is a consumer class action against GCAC, and its predecessors or successors, seeking relief to redress an unlawful and deceptive pattern of wrongdoing followed by GCAC with respect to the repossession of collateral.

2. As more particularly described below, GCAC sent Deaver a Notice of Sale, attached as **Exhibit A** and incorporated herein by this reference, and sent numerous other

3494209\1

2

consumers a presale notice, which like the Notice of Sale did not comply with the Uniform Commercial Code ("UCC") adopted by each state.[1]

3. Deaver brings this action on behalf of himself and all other similarly situated consumers. He seeks statutory damages as provided for under the UCC, and such other further relief as this Court may deem appropriate.

### Parties

4. Deaver is a resident of Madison County, Illinois.

5. GCAC is a corporation duly organized and existing under the law and doing business in St. Louis County, Missouri.

### Jurisdiction and Venue

6. This Circuit Court of St. Louis County, Missouri has jurisdiction over this matter pursuant to Article V, section 14 of the Missouri Constitution and § 478.070, which grant Missouri circuit courts original jurisdiction over all civil cases and matters.

7. Many members of the class have damages in excess of $25,000.

8. The class' damages in the aggregate are in excess of $25,000.

9. Venue is proper in this Court pursuant to § 508.010 because GCAC is a resident of and may be found in St. Louis County, Missouri. Venue is also appropriate pursuant to Rule 55.32 because Deaver is bringing this action as a counterclaim to Plaintiff's action originally brought in St. Louis County, Missouri.

---

[1] Deaver cites to the sections of the official text of the UCC. The sections of the UCC cited by Deaver have been adopted by all 50 states with no material variation that would affect the claims of the putative class members, regardless of where the putative class member resides, the loan originated, or the repossession took place. Article 9 of the UCC has been adopted in Missouri at sections 400.9-101, *et seq.* Missouri's statutory scheme for its version of the UCC adds the prefix of 400 to the UCC numbering scheme. For example, section 9-614 of the UCC is denominated section 400.9-614 in Missouri's statutes.

3494209\1

3

## General Allegations

10. On or around June 6, 2003, Deaver signed a Retail Installment Contract and Security Agreement for the purchase of a 1998 Chevrolet S10, VIN 1GCCT19W7W8197311 ("Collateral"). A copy of said contract is attached as Exhibit B and incorporated herein by this reference.

11. The Collateral was bought for use primarily for personal and/or family purposes.

12. On or around December 9, 2006, GCAC, or someone at GCAC's direction, repossessed the Collateral.

13. On or around December 19, 2006, GCAC, or someone at GCAC's direction, sent the Notice of Sale (Exhibit A) to Deaver advising him of GCAC's intent to dispose of the Collateral in purported compliance with the requirements of the UCC.

14. Subsequently, GCAC, or someone at GCAC's direction, disposed of the Collateral ("Disposition").

15. The Notice of Sale sent to Deaver and the other presale notices sent to the class fail to comply with the UCC in at least one of the following respects:

   a. GCAC failed to authenticate the presale notices as required by §9-611(b).

   b. GCAC failed to send the presale notices within a reasonable time as required by §9-612 because the presale notices were sent so near to the stated disposition date that a notified person could not be expected to act on or take account of the notification.

16. Section 9-625 of the UCC provides for minimum damages for a secured party's failure to act in accordance with the UCC. It provides:

> (2) if the collateral is consumer goods, a person that was a debtor or a secondary obligor at the time a secured party failed to comply with this subchapter may recover for that failure in any event an amount not less than the credit service

3494209\1

4

charge plus 10 percent of the principal amount of the obligation or the time price differential plus 10 percent of the cash price.

17. The Official Comment to this section of the UCC makes clear that the statutory damages are both uniform and intended by the UCC, regardless of whether "actual damages" are greater, lesser or even absent. The Uniform Commercial Code Comment to 9-625(c)(2) provides in pertinent part:

> "4. Minimum Damages in Consumer-Goods Transactions. Subsection (c)(2) provides a minimum, statutory, damage recovery for a debtor and secondary obligor in a consumer-goods transaction. It is patterned on former Section 9-507(1) and is designed to ensure that every noncompliance with the requirements of Part 6 in a consumer-goods transaction results in liability, regardless of any injury that may have resulted."

18. As set forth above, GCAC did not act in a commercially reasonable manner toward Deaver and the class in that, among other things, it failed to send a reasonably authenticated notice as required by § 9-611 of the UCC.

19. At the time of GCAC's failure to comply with the UCC, Deaver and the class were debtors and/or obligors in a consumer-goods transaction as those terms are defined under the UCC.

20. On information and belief, GCAC, or someone at GCAC's direction, has unlawfully collected or attempted to collect deficiency balances from consumers who have been issued defective presale notices.

21. In addition to the unlawful collection or attempt to collect deficiency balances from consumers, GCAC has maintained, on information and belief, a practice and policy of reporting derogatory information regarding the class members to the three national consumer credit reporting agencies: Equifax Credit Information Services, Inc., Experian, Inc., and

TransUnion, LLC (collectively, "CRAs"), despite its failure to comply with the UCC's notice requirements.

## Class Allegations

22. Deaver brings this action on his own behalf and on behalf of a class designated pursuant to Rules 52.08(a) and 52.08(b)(3) of the Missouri Rules of Civil Procedure to remedy the ongoing unfair, unlawful, and/or deceptive business practices alleged herein, and seeks redress on behalf of all those persons who have been harmed thereby.

23. The class is composed of all persons:

   a. who are named as borrowers or buyers on a loan or financing agreement entered into with GCAC or assigned to GCAC;

   b. whose loan or financing agreement was secured by collateral;

   c. whose collateral was repossessed; and

   d. whose collateral was disposed of from January 27, 2006 to the present.

24. The class is believed to be so numerous that joinder of all members is impractical.

25. There are questions of law and fact common to the Class, which common issues predominate over any issues involving individual class members.

26. The principal legal question common to Deaver and each class member is whether the presale notices, including the Notice of Sale, sent by GCAC, or someone at its direction, complied with the UCC requirements set forth under §§ 9-611(b) and 9-612.

27. Deaver's claims are typical of the claims of the class.

28. Deaver's and the class' claims are based on the same factual and legal theories.

29. Deaver's and the class' rights derive from written, form contracts and a uniform statute adopted by all 50 states.

3494209\1

6

30. The violation alleged by Deaver and the class derives from written, form presale notices that fail to comply with the UCC.

31. Deaver and each member of the class were damaged and are entitled to recover statutory minimum damages due to GCAC's failure to provide the proper presale notice under the UCC and GCAC's improper sales of repossessed collateral thereafter.

32. Deaver will fairly and adequately represent and protect the interests of the class.

33. Deaver has no interests antagonistic to those of the class and Deaver's counsel is competent and experienced in consumer and class litigation.

34. Deaver and all other class members have an interest in determining the adequacy of the presale notices that they received from GCAC and to recover statutory minimum damages due to the statutorily deficient presale notices.

35. The questions of law or fact common to the class predominate over any questions affecting only individual members.

36. Deaver and each member of the class will rely on the same basic evidence (i.e., the form presale notices).

37. A determination of the deficiency of the Notice of Sale resolves all class members' claims because each presale notice sent to the class suffers from at least one of the same deficiencies as Deaver's Notice of Sale.

38. The UCC as adopted by Missouri will apply to the vast majority of claims asserted by Deaver and the class. On information and belief, to the extent the UCC as adopted by another state applies to any claims of the class members, there is no meaningful difference between the UCC as adopted by that state and Missouri.

3494209\1

7

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

40. The class members are consumer debtors, who may be unable to locate or afford to hire lawyers.

41. Most class members are probably unaware that their rights, and the UCC, have been violated.

42. If each of the class members were forced to bring an individualized suit, such suits would burden judicial resources and would create the risk of multiple inconsistent results for similarly situated parties.

43. Concentrating the litigation of Deaver's and the class' claims in this forum is also desirable and logical given the predominance of common questions of law and fact alleged above.

44. The class should be certified under Missouri Supreme Rule 52.08(b)(3), as such represents a superior method for the fair and efficient adjudication of this controversy.

45. Deaver also seeks a declaration that the form of presale notices, including the Notice of Sale, used by GCAC fail to comply with the law.

## Count I – Statutory Damages

46. Deaver repeats the allegations set forth above as if the same were set forth herein.

47. GCAC violated the UCC by failing to provide, in the form and manner, the notice required under the UCC prior to disposing of collateral secured by loans entered into or assigned to GCAC.

48. GCAC did not use the form of notification provided in § 9-614(3) of the UCC when sending presale notices, including the Notice of Sale, to Deaver and the class.

49. GCAC's presale notices to Deaver and the class, including the Notice of Sale, included additional language or content not authorized or allowed by law, rendering the presale notices misleading or unreasonable in violation of §§ 9-610 and 9-614 of the UCC.

50. GCAC failed to provide "reasonable authenticated notice of disposition," as required under § 9-611 of the UCC, to Deaver and the class.

51. GCAC's failure to comply with the requirements of Subchapter 6 of Article 9 of the UCC renders GCAC liable for statutory minimum damages in the amount provided by § 9-625(c)(2) of the UCC.

52. Pursuant to § 9-625(c)(2) of the UCC, Deaver and the class are entitled to an amount not less than the credit service charge plus ten percent of the principal amount of the obligation.

WHEREFORE, Deaver prays this Court certify the class and enter a judgment for Deaver and the class members against defendant GCAC Credit Union:

a. awarding damages to Deaver and the class as provided under the UCC;

b. prejudgment interest;

c. a preliminary and permanent injunction enjoining GCAC from engaging in the practices alleged herein;

d. a mandatory injunction compelling GCAC to remove any adverse credit information which may have been wrongfully reported on the consumer reports of Deaver and the class;

e. a declaration that the presale notice and explanation of deficiency sent by GCAC to Deaver and the class fails to comport with the provisions of the UCC; and

3494209\1

9

f.  for such other and further relief as this Court deems just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By: _____
Martin L. Daesch #40494
Jesse B. Rochman, #60712
600 Washington Avenue – 15th Floor
St. Louis, MO 63101
(314) 231-3332
(314) 241-7604 Facsimile
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com

*Attorneys for Defendant David Deaver*

### Certificate of Service

The undersigned certifies that a copy of the foregoing was mailed on April 19, 2012, to the following counsel of record:

William F. Whealen, Jr.
Miller and Steeno, P.C.
11970 Borman Drive, Suite 250
St. Louis, MO 63146
*Attorneys for Plaintiff*
*General Credit Acceptance Company*

_____

3494209\1

10